Filed: April 29, 2025

RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MAY 0 8 2025
DANIEL J. McCOY, CLERK
BY: A.S
          Deputy Clerk

2:25-cv-00658

John Oliver Francois, Plaintiff
VS.
Capt. G. Matte (acting Warden)
Capt. J Robertson (assistant warden)
Commander B. Strenth
Supervisor H. Howard
Sheriff Gary "Stitch" Guillory, Calcasieu Parish Sheriff's Office
    Defendants

United States District Court
Western Division Lake Charles
State Of Louisiana

Pro Se Civil Action Section 1983

Now into court, comes the plaintiff John Oliver Francois who prays to move this court with his motion seeking damages under sec. 1983 for civil rights/constitutional rights violations and deprivation by the above titled defendants. Request for Compensatory, Punitive, and General Damages of $300,000 or more to compensate plaintiff and punish defendants.

I.

That the entertainment of plaintiff's claim under sec. 1983 would determine whether the defendants violated and deprived the plaintiff of his first, fifth, fourteenth, and affecting his sixth amendment right to a fair trial when the defendants knowingly, willfully, and wrongly withheld the plaintiff from his property that is 'privileged mail' from a local, state, and/or government official in regards to his self representation rights in a criminal trial and its proceedings when the defendants intentionally did Not provide plaintiff with his response to a discovery motion filed with the 14th Judicial District Court in Calcasieu Parish, as well a response to his motion for speedy trial and child support bill and its attachments to forward payment. The following is detailed in chronological order according to the dates and times provided by Smart Communications tablet showing inmate requests and grievances missions and responses: ((continued))

(cont'd) [Statement of Claim]
Capt. G. Matte (Acting Warden)

On 3/24/25 plaintiff wrote an electronic inmate request (ref# 23,779,007) to the warden of CCC explaining in short, "In regards to his legal mail being delivered to him. He is a pro-se litigant (self-represented defendant) and cannot take the smart communications electronic tablet to court. That the judge explained that any of his legal documentation necessary concerning his trial shall be in paper form. And that his discovery should have been delivered in its original form entirely. Plaintiff also explained that he should not be disadvantaged in this matter because of this specific Discovery Response not being given to him. Hoping for the warden to be sensible and sensitive enough to understand the dilemma. On 3/26/25 at 2:03pm Capt. G. Matte responded with a pre-transcribed memorandum "concerning inmate access to legal materials, about the legal law library through Smart communications tablets providing access to federal and state statues, case law, legal reference materials, and legal guides. Also about how to conduct legal research and draft motions, and that the facility is not obligated to provide legal assistance, attorneys or preprinted forms, and finally the facility's legal policy does not extend to the preparation, filing, or financing of legal motions on behalf of inmates, nor is the sheriff responsible for providing legal counsel. If you require further assistance with filing, you should contact your attorney or seek guidance from the legal materials available to you. Noticing Capt. G. Matte clearly disregarded my request for my mail. At this response, I then wrote another inmate request (ref# 23,817,676) explaining that the previous request 2 days prior was not satisfied by the above information given in response and explained my request in further detail, also enlighting Capt. Matte that I noticed the copy and pasted response because I did not request any of the assistance in his response, merely requested my discovery response. On 3/31/25 at 10:14am Capt. Matte responded to this request with," The documents you may need are on the tablet. You can make a handwritten copy from there.

((Continued))

③

(cont'd)

Plantiff claims that Capt. Matte understood the request, as his and Sheriff Gary "Stitch" Guillory's written policy within the Calcasieu Correctional Center Offender handbook that was revised March 18, 2025 (nearly 3 months after plantiff was admitted into the facility) reflects the constitutional violation, depriving offenders of their 1st, 5th and 14th amendment rights, where the handbook states "Privileged mail (legal mail) sent through the postal service will be opened in front of the offender, scanned into the system, and then shredded." This policy says nothing in regards to an offender recieving his privileged mail or even giving him copies in reciept of the originals. Sheriff Guillory is responsible for making final decision on the policy of this facility alongside the warden which is currently Capt. G. Matte. Therefore, in his official capacity as the sheriff of Calcasieu Parish, Sheriff Guillory knowingly and intentionally caused mental harm as well as actual injury whereas the plantiff has been denied two motions for lack of being able to prove certain dates and documented evidence that shall be attached to a motion as an exhibit to prove such existance, due to the "no paper reciept policy" of this facility that was not in place upon my arrival on 12/26/24. Capt. G. Matte is responsible in his official and individual capacity, whereas he knowingly and intentionally caused mental harm of mental anguish, depression, anxiety, stress, loss of pride, due to loss of potential restoration of liberty, and enjoyment of life same as Sheriff Guillory above. The injury caused is that the motions filed were in regards to release of the plantiff after 60 days has lapsed on a felony and no bill has been filed, the accused is entitled to be released under Criminal Procedure Article 701 B2b of Louisiana's laws. Plantiff is still at a major disadvantage in his criminal pretrial proceedings and has attempted to file a grievance due to the above explained facts. In the grievance (ref#23, 884, 104 plantiff explaned all of the above in even more vivid detail on 3/31/25 and 04/01/25 at 4:18 pm Capt. J. Robertson (assistant warden of CCC) knowingly and

((continued))

(cont'd) Capt. J. Robertson (assistant warden) intentionally denied me my discovery response, depriving me of my legal mail/property causing further mental harm as well as injury on defending myself and representing myself when he responded "I do not see anything in your record from court stating you have to have anything delivered in paper form from a Judge. All your legal documents can be accessed on your tablet." Plaintiff responded on first appeal of this grievance stating in short "It was stated in open court. So there won't be any special documentation, but it is also common knowledge that as a human being you should ask yourself, how can I possibly send attached papers to any legal agency within the courts jurisdiction if there is no way for me as a pro se litigant to render such documents?" Plaintiff explained that his motions were being denied for lack of proof of documents, also asking to reconsider the decision to continue depriving me of privileged mail and also acknowledging the fact that he understood the objective to prevent drugs and foreign substances from being smuggled into the facility. But that not being my intended goal as I am at a major disadvantage in the most crucial part of my case because of this. On first appeal response at 3:52 pm on 4/22/25 Capt. Matte (whom I filed the grievance in regards to) responded stating "Any forms or documents may be a handwritten copy from the documents that are in your Smart Communications account." Capt. Matte, for one, should not have been a respondent to my Grievance. And secondly, he again knowingly and intentionally deprived me of my 1st, 5th, 14th amendment rights alongside Capt. Robertson, also affecting my 6th amendment right to assistance of counsel and a fair trial. These defendants are intentionally and purposefully placing liberty and property restraints against pretrial detainees with the intended goal of keeping this facility open as a way to keep a paycheck in their pockets. On 2nd appeal, 4/22/25 at 5:49pm, plaintiff wrote in short "Plain and simple: the courts will not accept hand written copies of legal documents stamped with a notary (state

(continued)

(5)

(Cont'd)

Seal) or any verified documents needing proof of legitimacy. Also informing Capt. Matte that he should not have been allowed to respond to my grievance, as it would be noted. I made a request of $500 for the above mental and actual injuries through risk management of this facility alleging that my U.S. and Louisiana Constitutional rights were being intentionally violated/deprived in hopes that that my knowledge of self representation and the fundementals to self represent as well as my rights to a fair trial and assistance of counsel would commit the defendants to oblige my request. Instead of the request being satisfied, on 2nd appeal response by Commander B. Strenth on 4/23/25 at 3:23pm he responded with the exact same response Capt. Matte initially responded with about an "inmates" access to legal materials, case law, legal guides, pre-printed forms and such, again ~~purposefully~~ acknowledging the fact that this facility's offender handbook policy is in violation of the 1st, 5th, and 14th amendments of the United States Constitution. This defendant Commander Strenth, disregarded the clear request the second appeal shall be forwarded to Risk Management and Sheriff Guillory as it was labeled Unconstitutional and Unjust how the staff he has employed were handling a matter that was very simple and avoidable of this civil action. Upon reciept of this response from the Commander B. Strenth in his individual capacity deciding to respond without regards to the plaintiffs 1st, 5th and 14th amendment rights further agravating the mental and actual injury by deprivation and violation of said rights, the plaintiff had exhausted all of his administrative remedies according to the Calcasieu Correctional Center grievance Procedure, he attempted to write one final inmate request (Ref.# 24,221,778) again explaining in even further vivid details the request to be satisfied as it was not satisfied through grievance. And requesting to know the name and title of exactly "Who" is responsible for the facility's declining to give an offender the paper form of their "privileged

(continued)



(cont'd)
Mail" documents? This was on 4/24/2025. On 4/24/25 at 1:01pm instead of the higher up in rank Commander B. Strenth responding, I was handed down to a Supervisor H. Howard whom responded with the exact same (Pre-transcribed paragraph about legal material, case law, ect.) memorandum that Capt. G. Matte and Commander B. Strenth responded with. This said, Supervisor H. Howard individually invited himself in this complaint to intentionally and knowingly deprive me of my 1st, 5th, & 14th amendment rights. As well as affect my 6th amendment right to assistance of counsel and fairness of trial. Furthermore agravating plaintiff's mental harm caused by the defendants of the inmate requests and grievance filed in this matter. This complaint's allegations are supported by the following facts, that on 3/24/25 officer Fontenot was working the B-Pods as a "floor man" making rounds and such. Officer Fontenot called plaintiff from his pod (B-4) for legal mail. Officer Fontenot told the plaintiff that he had legal mail from the Public Defender's Office. Upon realization that the mail in question was a response of a discovery motion filed a month prior on February 26, 2025, plaintiff stated that he should be given his discovery response entirely as he is a pro-se litigant and can't cover his case without it. The officer than stated "I'll put the papers in your property but were supposed to shred it." I asked officer Fontenot to give me my discovery again, at least make copies because the printer is right there, attached to the Cart by Smart Communications. Officer Fontenot then stated "It's out of my control, this came from the higher ups." My request was again denied when Officer Fontenot said "It'll be in your property, I'll do that for you Francois." Still displeased and unsatisfied I filed the above request and grievance to no avail. Now comes this 42 U.S.C 1983. This civil action also reflects on cruel and unusual punishment by the above named defendants. Offender Handbook states "You have a right to unrestricted and confidential access to the courts by correspondence (Judge, District Attorney, Public Defender, ect.)

## PRAYER

Wherefore, for all reasons given herein, the defendant now prays that this Honorable Court grant him summary judgement in his 42 USC Sec. 1983 civil action claim.

Thus done and signed on this 29th day of April 2025

Respectfully Submitted,

_[signature]_
Attorney In Pro-se

## ORDER

Having this matter come before me this ___ day of ___ 20__, the plaintiffs Pro Se 42 U.S.C Sec 1983 Civil Action and the court being duly advised, it is hereby:

ORDERED and ADJUDGED that the plaintiff's motion be _____.
It is further ORDERED that as an alternative, that a contradictory hearing be set for __:__ AM/PM the ___ day of ___ 20__ to show cause why plaintiffs motion should not be granted.

Thus Done and Signed on the ___ day of ___ 20__

_____
US District Judge

## Request To Proceed In Forma Pauperis

As I am indigent, have been unemployed since 2019 with out a source of income. My current trust fund balance is $0.14 Attached is 3 receipts from my most recent commissary buys. This facility is refusing anything in paper form. Please excuse this as I need help here. _[signature]_
Attorney In Pro se

## Certificate Of Service

I, John Oliver Francois, do hereby certify under penalty of perjury that I have cause a True and Correct copy of the foregoing Pro Se Civil Action Sec. 1983 to be duly served upon the office of the Clerk of Court and all parties below listed as addressed, by placing same in the U.S. Mail depository on the 29th day of April, 2025 at the Calcasieu Correctional Center, 5410 East Broad St., Lake Charles, Louisiana, 70615

1. Captain G. Matte,        Calcasieu Correctional Center
2. Captain J. Robertson →   5410 East Broad Street
3. Commander B. Strenth     Lake Charles, LA 70615
4. Supervisor H. Howard
5. Sheriff Gary "Stitch" Guillory, 1011 Lakeshore Drive, Suite 203, Lake Charles, LA 70601
6. Calcasieu Parish Sheriff's Office, 1011 Lakeshore Drive, Suite 203, Lake Charles, LA, 70601

## Verification

I, John Oliver Francois, do hereby verify under penalty of perjury that I am the Petitioner in the foregoing, that I have read and prepared all matters contained therein, and that all matters contained therein are true and correct to the best of my knowledge and beliefs.

April 29, 2025
Date

[signature]
Attorney In Pro-Se