**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

JOHN OLIVER FRANCOIS #1584305          CASE NO.  2:25-CV-00658 SEC P

VERSUS                                 JUDGE JAMES D. CAIN, JR.

G MATTE ET AL                          MAGISTRATE JUDGE LEBLANC

**REPORT AND RECOMMENDATION**

Before the Court is a request for preliminary and permanent injunction within the prayer for relief of a Complaint filed by pro se Plaintiff John Oliver Francois ("Francois"). Doc. 9. Francois is a pretrial detainee at the Calcasieu Correctional Center in Lake Charles, Louisiana. This matter has been referred to the undersigned for review, report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and the standing orders of this court.

Because Francois cannot meet the requirements for preliminary injunctive relief, the request should be DENIED.

I.     **Background**

Francois has filed 11 Complaints and Amended Complaints raising a host of claims against at least 29 Defendants.  Docs. 1, 6, 9, 10, 11, 12, 18, 29, 30, 31, 32.  In the Complaint containing the request for preliminary injunction, Francois alleges that certain Defendants refuse to provide him with paper copies of legal mail, which is being scanned and digitally formatted.  Doc. 9 at 2. He asserts that Defendants can view the digital version of a detainee's privileged legal mail.  Doc. 9 at 5.  Francois alleges that his requests to maintain physical copies of his legal mail have been denied.  *Id.*

1

Francois alleges that the mail policy has caused him emotional distress. *Id.* at 6. In addition to his requests for declaratory and monetary relief, Francois seeks a preliminary and permanent injunction ordering Defendants to stop digitally scanning legal mail.

## II.    Law and Analysis

Federal Rule of Civil Procedure 65(a)(1) provides that "[t]he court may issue a preliminary injunction only on notice to the adverse party," who must be given a fair opportunity to present its version of facts before a preliminary injunction may be granted. *See Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996). The adverse parties in this case have not yet been noticed because Francois's Complaint was deficient until recently, when he was granted leave to proceed *in forma pauperis*. Doc. 34. Now, Francois's case is under preliminary review pursuant to 28 U.S.C. § 1915A and § 1915(e)(2). Accordingly, without notice and an opportunity to be heard, a preliminary injunction would be improper.

Additionally, Local Rule 65.1 requires that requests for preliminary injunction be made on a document separate from the complaint. Francois merely includes his request in his prayer for relief. Accordingly, Francois's request is not in compliance with this Court's local rules. Even pro se litigants must follow both the Federal Rules of Civil Procedure and the local court rules. *See Beckendorf v. Fleischman*, 21-cv-357, 2024 WL 4665273, at *1 (E.D. La. 2024) (citing *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

## III.    Conclusion

Because Francois's case is under preliminary review, and his request is not in compliance with Local Rule 65.1, IT IS RECOMMENDED that the request for preliminary injunction contained within the Complaint [Doc. 9] be DENIED.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

**THUS DONE AND SIGNED** in chambers this 16th day of March, 2026.

**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**