**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **JOHN OLIVER FRANCOIS** | **DOCKET NO. 2:25-cv-0658**<br>**SECTION P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **G. MATTE, ET AL** | **MAGISTRATE JUDGE LEBLANC** |

# REPORT AND RECOMMENDATION

Before the court are *pro se* plaintiff John Oliver Francois's Motion to Supplement Complaint [doc. 37], Motion for Preliminary and Permanent Injunction [doc. 39], and Motion for Right-To-Know [doc. 40]. This matter has been referred to the undersigned for review, report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and the standing orders of this court.

## I. BACKGROUND

This matter arises from Plaintiff's 42 U.S.C. § 1983 complaint wherein he alleges that certain defendants refuse to provide him with paper copies of legal mail, which is being scanned and digitally formatted. *See* Docs. 9, 10, 11, 12, 18, 29, 30, 31, 32. He asserts that Defendants can view the digital version of a detainee's privileged legal mail and that his requests to maintain physical copies of his legal mail have been denied. *Id.* Plaintiff now moves to supplement his complaint [doc. 37] and for a preliminary and permanent injunction to stop the scanning of his legal mail [doc. 39]. He also requests an unredacted version of defendant Sheriff Guillory's contract with defendant Smart Communications regarding the processing of legal mail at the Calcasieu Correctional Center and Calcasieu Sheriff's Prison and a list of officers under Sheriff Guillory's employment. Doc. 40.

## II.
## LAW & ANALYSIS

### A. Motion to Supplement Complaint

Through his Motion to Supplement Complaint [doc. 37], Plaintiff seeks to add factual allegations to his previous complaints [doc. 9, as amended by 10, 11, 12, 18, 29, 30, 31, 32]. Federal Rule of Civil Procedure 15(a)(2) applies and states that the Court "should freely give leave when justice so requires." "However, it is by no means automatic." *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). "[T]he decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court." *Id.*

Although it appears Plaintiff seeks only to add new factual allegations to his complaints,[1] this court previously warned that "no additional filings will be allowed unless and until ordered by the Court following its initial review of plaintiff's complaints [pursuant to 28 U.S.C. § 1915A and § 1915(e)(2)]." Doc. 28, p. 3. Accordingly, it is **RECOMMENDED** that Plaintiff's Motion to Supplement [doc. 37] be **DENIED WIHTOUT PREJUDICE** to Plaintiff's right to re-urge the motion should the matter proceed past initial review.

### B. Motion for Preliminary and Permanent Injunction

Through his Motion for Preliminary and Permanent Injunction [doc. 39], Plaintiff seeks an order from this court requiring defendants to make physical photocopies of legal mail and provide same to Plaintiff prior to scanning it into his Smart Communications account and shredding it thereafter. Doc. 40, p. 3. As explained in this court's previous Report and Recommendation [doc.

[1] The court notes that the Motion to Supplement [doc. 37] also includes a form 42 U.S.C. § 1983 Complaint that alleges claims that are unrelated to this matter as well as a form Application to Proceed *in forma pauperis* [*id.* at atts. 2-3]. Although unclear, the undersigned believes Plaintiff intended to file this new Complaint [*id.* at att. 2] and Application to Proceed *in forma pauperis* [*id.* at att. 3] as a new, separate action. *See id.* at att. 2, p. 1 (Plaintiff lists the instant matter, 2:25-cv-00658, as a "previous lawsuit"). Accordingly, the Clerk of Court is directed to file the new Complaint and Application to Proceed *in forma pauperis* [doc. 37, atts. 2-3] as a separate action.

36] and Judgment [doc. 38] in connection with Plaintiff's previous requests for preliminary and permanent injunctions, Plaintiff's case is currently under preliminary review pursuant to 28 U.S.C. § 1915A and § 1915(e)(2), making these requests premature. Accordingly, it is **RECOMMENDED** that the Motion for Preliminary and Permanent Injunction [doc. 39] be **DENIED** as premature, pending initial review on the merits.

### C. Motion for Right-To-Know

Through his "Motion for Right-To-Know" [doc. 40], Plaintiff seeks from defendant Sheriff Guillory a list of "Corrections Division officers[']" names and an unredacted copy of the contract between defendant Smart Communications and Sheriff Guillory. Although not specifically labeled as such, this motion is akin to a discovery request. As explained hereinabove, however, this action remains on initial review pursuant to 28 U.S.C. § 1915A and § 1915(e)(2). Accordingly, at this stage, discovery is not necessary and it is **RECOMMENDED** that Plaintiff's "Motion for Right-To-Know" [doc. 40] be **DENIED**. Should the matter proceed past initial review, Plaintiff will have the opportunity to conduct discovery consistent with the Federal Rules of Civil Procedure.

## III.
## CONCLUSION

For the reasons stated,

**IT IS RECOMMENDED** that Plaintiff's Motion to Supplement [doc. 37] be **DENIED WITHOUT PREJUDICE**. Plaintiff is reminded of this court's Order [doc. 28, p. 4] barring him from filing any additional amended complaints unless and until ordered by the Court following its initial review of plaintiff's currently filed complaints.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Preliminary and Permanent Injunction [doc. 39] be **DENIED** as premature.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Right-To-Know [doc. 40] also be **DENIED** as premature.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 19th day of October, 2026.

**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**